## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

ELIZABETH K. MITCHELL,

      Plaintiff,

v.

      Case No. 3:23-cv-02663-SPM

CEDARHURST OF GODFREY
MANAGEMENT, LLC, and
KARIANN LINDOW-OLLER,

      Defendants.

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is a Motion to Remand filed by Plaintiff, Elizabeth K. Mitchell ("Mitchell") (Doc. 9). For the reasons set forth below, the Motion to Remand is **GRANTED**.

### BACKGROUND

On June 22, 2023, Mitchell filed her complaint in the Third Judicial Circuit, Madison County, Illinois, *to wit*: 2023 LA 901 (Doc. 1-1). Within the complaint, Mitchell asserted causes of action against Cedarhurst of Godfrey Management, LLC ("Cedarhurst") and Kariann Lindow-Oller ("Lindow-Oller"). (*Id.*). Count I is directed against Cedarhurst and is entitled, "Retaliatory Discharge", while Count II is directed against Lindow-Oller and is entitled, "Intentional Interference with Contractual Relation". (*Id.*).

According to the complaint, Mitchell was employed as a cook by Cedar Creek from December 2021 until September 2022 when she was transferred to Cedarhurst

where she worked until her termination in January 2023. (*Id*.). At all relevant times, Lindow-Oller was the resident director of Cedarhurst. (*Id*.).

On August 2, 2023, defendants timely filed their notice of removal (Doc. 1). Specifically, defendants argued that Mitchell fraudulently joined Lindow-Oller, an Illinois resident, to defeat diversity jurisdiction. (*Id*.). Shortly thereafter, Lindow-Oller filed a motion to dismiss Count II along with supporting memorandum of law more fully setting forth her argument (Docs. 6, 7). Indeed, Lindow-Oller claims that Mitchell cannot establish a cause of action against her. (*Id*.).

On August 9, 2023, Mitchell filed her motion to remand and supporting memorandum of law (Docs. 9, 10). Mitchell asserted that this Court did not have jurisdiction as there was not complete diversity since Lindow-Oller was a domiciliary of the State of Illinois. (*Id*.). Mitchell further contested Lindow-Oller's claim of fraudulent joinder and argued that she asserted a "colorable" cause of action. (*Id*.).

On September 7, 2023, Lindow-Oller filed her response in opposition to the motion to remand, reiterating her argument that removal was proper because she was fraudulently joined in this action (Doc. 19). In fact, Lindow-Oller contended that Mitchell asserted an unviable legal claim via affirmative allegations, not just a mere misnomer. (*Id*.).

On September 11, 2023, Mitchell filed a short reply which pointed out that Lindow-Oller conceded that a terminated at-will employee may pursue a claim for intentional interference with the employee's interest in continued employment (Doc. 20). In support of this position, Mitchell asked the Court to look at the substance of her claim and not the title within the complaint to support her motion. (*Id*.).

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapatthah Servs., Inc.*, 545 U.S. 546, 552 (2005). Removal is governed by 28 U.S.C. § 1441, which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also Pooter v. Janus Inv. Fund*, 483 F. Supp. 2d 692, 694-95 (S.D. Ill. 2007). In other words, "[a] defendant may remove a case to federal court only if the federal district court would have original subject matter jurisdiction over the action." *Kitson v. Bank of Edwardsville*, No. 06-528, 2006 WL 3392752, at *1 (S.D. Ill. Nov. 22, 2006).

Under 28 U.S.C. § 1332, a federal district court has original subject matter jurisdiction over actions involving complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008). Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.,* 106 F.3d 215, 217 (7th Cir. 1997). The party seeking removal, as the proponent of federal subject matter jurisdiction, has the burden of proof as to the existence of jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *see also Anglin v. Bristol-Myers Squibb Co.*, No. 12-60, 2012 WL 1268143, at *1 (S.D. Ill. April 13, 2012).

"'Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.' Put another way, there is a strong presumption in favor of remand." *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). "Doubts concerning removal must be resolved in favor of remand to the state court." *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp.2d 838, 841 (S.D. Ill. 2006). If there is "any reasonable possibility" that the plaintiff may prevail against a defendant, the defendant is not fraudulently joined. *Schur v. L.A. Weight Loss Ctrs., Inc.,* 577 F.3d 752, 764 (7th Cir.2009). The defendant's burden is heavy, possibly even heavier than his burden with a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Schur,* 577 F.3d at 764.

## ANALYSIS

Defendants, the parties invoking removal authority, argue that Lindow-Oller's claims are fraudulently joined. As set forth *infra*, the "fraudulent joinder" doctrine prohibits a plaintiff from joining a non-diverse defendant in an action simply to destroy diversity jurisdiction. *Schwartz v. State Farm Mut. Auto. Ins. Co.,* 174 F.3d 875, 878 (7th Cir. 1999). If the removing defendant establishes fraudulent joinder, the district court considering removal may "disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction." *Schur*, 577 F.3d at 763.

Defendants claim that Mitchell asserted an unviable claim against Lindow-Oller (Doc. 19). Specifically, they point out that Mitchell subtitled her claim against Lindow-Oller as "Intentional Interference with Contractual Relation" and argue that

because Mitchell was an at-will employee, there is "no chance of success" against Lindow-Oller. (*Id.*); (See *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992) ("To establish fraudulent joinder, the defendant has the "heavy burden" of showing that the plaintiff's claim has "no chance of success" against the non-diverse defendant.)). They further presumed that Mitchell's references to a contractual relationship were in support of her erroneous claim (Doc. 19, p. 3, FN 1).

This Court's role in evaluating allegations of fraudulent joinder is "to determine whether Plaintiff's complaint provides a reasonable basis for predicting that the plaintiff might be able to recover against an in-state defendant . . . not to ascertain the merits of [the] claim." *Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1096 (S.D. Ill. 2007). Even if a state court might ultimately find that a plaintiff has failed to state a claim against a defendant, joinder of the claim is not "fraudulent" for purposes of this court's jurisdiction so long as the issue of state law is subject to reasonable argument on both sides. *See Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 853 (3d Cir. 1992).

Instead of taking the complaint at face value, which would elevate the form over the substance, this Court will construe the pleadings and allegations so as to do justice. *See* FED.R.CIV.P. 8(e). Indeed, courts "do not construe a contractual provision by looking at the title alone." *Addison Automatics, Inc. v. Hartford Cas. Ins. Co.*, 2015 WL 1543216 (N.D. Ill. 2015). Similarly, count(s) should not be dismissed simply because they were incorrectly titled. As such, this court will look to the language asserted and whether there is "any reasonable possibility" that Mitchell may prevail against Lindow-Oller. See *Schur,* 577 F.3d at 764.

Page 5 of 7

Although the complaint indicates that the cause of action against Lindow-Oller is being brought under a contractual relationship, Mitchell's motion points out the similarities with a claim being brought in violation of Mitchell's prospective economic advantage (Doc. 10). Under Illinois law, the elements of a tortious interference with prospective economic advantage consist of the following: (1) a reasonable expectancy of entering into a valid business relationship, (2) the defendant's knowledge of the expectancy, (3) an intentional and unjustified interference by the defendant that induced or caused a breach or termination of the expectancy, and (4) damages to the plaintiff resulting from the defendant's interference. *Foster v. Principal Life Ins. Co.,* 806 F.3d 967, 971 (7th Cir. 2015) (*citing Voyles v. Sandia Mortgage Co.,* 751 N.E.2d 1126, 1133 (2001)).

Defendants have simply not met their burden in establishing that Mitchell has no chance of success on her claim against Lindow-Oller. Defendants make too many assumptions as to what Mitchell intended in referring to the relationship between herself and Cedarhurst as "contractual in nature" and rely too heavily on the title of the cause of action. This Court does not take such a narrow view of the complaint. Resolving all issues of fact and law in favor of Mitchell, and recognizing that any doubt as to removal must be resolved in favor of remand, the Court finds that Lindow-Oller, an Illinois citizen, was not fraudulently joined. Because there is not complete diversity, this Court lacks subject matter jurisdiction.

## CONCLUSION

For these reasons, the Motion to Remand (Doc. 9) is **GRANTED**. This action is **REMANDED** to the Third Judicial Circuit Court of Madison County, Illinois, for lack

of subject matter jurisdiction. The Motion to Dismiss Count II (Doc. 6) is **DENIED** as

moot.

    **IT IS SO ORDERED.**

    **DATED: <u>September 20, 2023</u>**

*<u>s/Stephen P. McGlynn</u>*
**STEPHEN P. McGLYNN**
**United States District Judge**
